## HARRISON *vs.* STEWART.*

A mortgage executed by a married woman, as a *feme sole*, she living apart from her husband, upon her separate property, to secure a debt contracted by her and for her benefit, is a valid lien upon such property.

The cause was argued on bill, answer, and proofs.

*Mr. J. W. Taylor*, for complainant.

*Mr. Vanatta*, for defendant.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage given by the defendant, Sarah L. Stewart. She was a married woman, living separate from her husband, and made a mortgage upon her own real estate that had been conveyed to her during separation. She gave a bond and mortgage to the complainant, as if she was a *feme sole*. The complainant did not know that she had a husband living at the time. The consideration of the mortgage was the surrendering and canceling another mortgage on the lands, held by the complainant.

The mortgage and bond, being given by a married woman, without her husband, and without an acknowledgment proper in such case, are both void. The mortgage cannot be foreclosed, nor any remedy had on it. But the debt was contracted by the defendant when married, for the benefit and advantage of her separate estate ; and she had power to charge her separate estate with the payment of it, and such charge will be enforced in equity. *Wilson* v. *Brown*, 2 *Beas.* 277.

In this case it appears that the debt was contracted for the benefit of her separate estate ; giving up a mortgage on it was for her advantage, and is a sufficient consideration. The defendant, by attempting to execute a new mortgage,

---

* CITED *in Cutler* v. *Tuttle*, 4 *C. E. Gr.* 560 ; *Armstrong* v. *Ross*, 5 *C. E. Gr.* 116 ; *Perkins* v. *Elliott*, 7 *C. E. Gr.* 128 ; *Ferry* v. *Laible*, 12 *C. E. Gr.* 150.

plainly showed her intention to charge her separate property with the debt.

The facts set forth in the bill will warrant this relief. Although the special prayer of the bill is for a foreclosure, and sale of the premises, yet the general prayer for relief will entitle to any relief that is warranted by the facts in the bill.

The complainant is entitled to have his debt made a lien on her separate property, and have that sold for the payment thereof.

The agreement to pay seven per cent. is sufficiently proved; it needs no further consideration than that. The mortgage was, by mistake, drawn at six per cent.; her note acknowledged the mistake, and agreed to pay seven. The interest must be computed at seven per cent.